# Duration of the Term of a Member of the
# Civil Rights Commission

A member of the Civil Rights Commission, appointed when a predecessor died before the end of his term, serves only the remainder of her predecessor's term.

October 31, 2001

MEMORANDUM OPINION FOR THE DEPUTY COUNSEL TO THE PRESIDENT

You have asked for our opinion whether a member of the United States Commission on Civil Rights ("Commission"), appointed when her predecessor died before the expiration of his term, serves only the remainder of her predecessor's term or has her own full term. We believe that the member serves only the remainder of her predecessor's term.

## I.

The Commission, among other things, investigates alleged discrimination on the basis of "color, race, religion, sex, age, disability, or national origin." 42 U.S.C. § 1975a(a)(1)(A) (1994). It consists of eight members, of whom four are appointed by the President, two by the President pro tempore of the Senate (upon the recommendations of the majority and minority leaders), and two by the Speaker of the House of Representatives (also upon the recommendations of the majority and minority leaders). *Id*. § 1975(b). Not more than four members may be of the same political party, and each of the two appointed by the President pro tempore of the Senate, as well as each of the two by the Speaker of the House, must be of different parties. *Id*. According to the statute, the "President may remove a member of the Commission only for neglect of duty or malfeasance in office." *Id*. § 1975(e). Members serve terms of six years. *Id*. § 1975(b), (c).

These provisions, enacted with the Commission's reauthorization in 1994, are very similar to those that had been in effect during the previous eleven years. Before 1994, as after, the members served six-year terms, but under the pre-1994 statute the President had designated four of the first members (two presidential appointees and two congressional appointees) for three-year terms, so that the terms of the Commission's members would not all expire at the same time but instead would be staggered. 42 U.S.C. § 1975(b)(2) (1988). The "initial membership" of the Commission under the 1994 amendments consisted of those members in office on September 30, 1994, and the terms of those members were to "expire on the date such term would have expired as of September 30, 1994." 42 U.S.C. § 1975(c) (1994).

One change made by Congress in 1994 leads directly to the present question. Before 1994, the statute provided that "any member appointed to fill a vacancy

225

shall serve for the remainder of the term for which his predecessor was appointed." 42 U.S.C. § 1975(b)(2) (1988). In 1994, Congress deleted this provision. As we understand the facts here, A. Leon Higginbotham was thereafter appointed to a six-year term expiring on November 29, 2001. He died in December 1998, and President Clinton appointed Victoria Wilson on January 14, 2000. The question is whether Ms. Wilson's term will expire at the end of Judge Higginbotham's term or continue until January 2006.

## II.

### A.

Before the 1994 amendments, the principles for ascertaining the terms of Commission members would have been straightforward. The members served systematically staggered six-year terms. If a member had been appointed *after* the expiration of a predecessor's term, the six years would be calculated from the expiration of his predecessor's term, in order to preserve the staggering required by statute. *See* Memorandum for Tim Saunders, Acting Executive Clerk, Executive Clerk's Office, from Dawn Johnsen, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: When the Statutory Term of a General Trustee of the John F. Kennedy Center for the Performing Arts Begins* (Sept. 14, 1994) ("1994 Opinion"); Memorandum for Nelson Lund, Associate Counsel to the President, from John O. McGinnis, Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Starting Date for Terms of Members of the United States Sentencing Commission* (May 10, 1990) ("1990 Opinion"); *see also* Memorandum for G. Timothy Saunders, Executive Clerk, from Daniel Koffsky, Acting Deputy Assistant Attorney General, Office of Legal Counsel, *Re: Term of a Member of the Mississippi River Commission* at 1 (May 27, 1999). If a member had been appointed to fill a vacancy occurring *before* the expiration of a predecessor's term, the statute then provided that "any member appointed to fill a vacancy shall serve for the remainder of the term for which his predecessor was appointed." 42 U.S.C. § 1975(b)(2) (1988).

Like the pre-1994 statute for the Commission, the statutes at issue in our 1990 and 1994 opinions in this area expressly stated that a member appointed to fill a vacancy occurring before the predecessor's term expired would serve only the remainder of that term, but were silent on the question whether a member appointed after his predecessor's term expired would serve a full term of years. *See* 1990 Opinion at 2; 1994 Opinion at 1. Both opinions used the express provision to support the conclusion that Congress wished to retain the staggered terms. *See* 1990 Opinion at 2; 1994 Opinion at 2-3.

Here, Congress deleted the express provision governing appointment before a predecessor's term expires. We nevertheless conclude that a member appointed to

fill a vacancy occurring before the end of a predecessor's term serves only the remainder of that term.

## B.

Our 1994 Opinion states that, "[a]bsent express statements of congressional intent to the contrary . . . we normally begin with the presumption that a term of years on a collegial board begins at the expiration of the prior term." 1994 Opinion at 2. Under this presumption, a member who is appointed to fill a vacancy occurring before the end of a predecessor's term necessarily would serve only the remainder of the predecessor's term. The occurrence of the vacancy would not be at the end of a term; and because the beginning of service by the successor would take place before the expiration of the immediate predecessor's term, the only logical "prior term" whose end would mark the beginning of the term in question would be the last term that had actually expired. The question here, therefore, is whether there is good reason to depart from the presumption that would "normally" apply. We believe that there is no such reason.

In our view, the 1994 amendments maintained the systematically staggered terms of Commission members. The amendments reauthorized the Commission and declared that the "initial membership of the Commission shall be the members of the United States Commission on Civil Rights on September 30, 1994." 42 U.S.C. § 1975(b) (1994). The term of each initial member was to "expire on the date such term would have expired as of September 30, 1994." *Id*. § 1975(c). Because the existing terms were staggered, the effect of this provision was, at least at the outset, to preserve the staggering of the terms.

The structure of the statute, moreover, indicates that Congress intended the staggering to continue even after the "initial" members had served their terms. The amendments maintained the political balance requirements of the prior statute, along with the division of appointment authority between the President and the congressional leadership; and the statute continued to declare members protected against removal, except for cause, 42 U.S.C. § 1975(e) (1994). Provisions for political balance on a multi-member board and for tenure protection of the members, appearing together, are typically and perhaps even invariably associated with staggered terms. *See, e.g.*, 15 U.S.C. § 2053(a)-(b) (1994) (Consumer Product Safety Commission); 42 U.S.C. § 7171(b) (1994) (Federal Energy Regulatory Commission); Reorganization Plan No. 7 of 1961, § 102, *reprinted as note to* 46 U.S.C. app. § 1111 (1994) (Federal Maritime Commission); 15 U.S.C. § 41 (1994) (Federal Trade Commission); 49 U.S.C. § 701 (Supp. II 1996) (Surface Transportation Board); 42 U.S.C. § 5841(a)-(c), (e) (1994) (Nuclear Regulatory Commission); 39 U.S.C. §§ 3601, 3602 (1994) (Postal Rate Commission). Like political balance requirements and tenure protection, staggered terms seem in part designed

to guard against any appointing official's being able to exercise "undue" political influence.

If the 1994 amendments do not overturn the systematic staggering of terms, the term of a member appointed to fill a vacancy occurring before the end of his predecessor's term must be calculated from the beginning of the predecessor's term, so that the member serves out only the unexpired balance of the predecessor's term. Otherwise, the staggering of terms could easily be disrupted. A term for Ms. Wilson ending six years after her appointment, by itself, would significantly alter this arrangement. If any future appointees served six years after appointment in similar circumstances, the staggering could become seriously distorted.

Furthermore, the principle that service as a member would last for a full six years in these circumstances would open up the possibility of serious abuse. If a member whose term would expire after the current President would leave office could be induced to resign shortly before the end of the President's term, a successor could then be appointed to serve a full six years—in a position that the statute declares to have protected tenure. Through this means, the statute could be manipulated to allow a departing President to cut down the power of his successor to make appointments. No such manipulation, of course, occurred here, but the principle, if applicable to vacancies created by death, would be equally applicable to vacancies created by resignation.

Our interpretation might be argued to conflict with the statutory language that "[t]he term of office of each member of the Commission shall be 6 years." 42 U.S.C. § 1975(c) (1994). We believe, however, that it no more conflicts with the language than the well-accepted interpretation that when a member is appointed *after* the expiration of his predecessor's term, the six years are to be calculated from the expiration of the prior term, so that the member serves, in fact, less than six years. Here, similarly, we would calculate the term from the beginning of the predecessor's term. Although this interpretation would entail the somewhat anomalous result that the predecessor and successor in office would have been appointed to the *same* term, we do not believe that the language of the statute precludes this result.[1]

We therefore conclude that Ms. Wilson's term will end on November 29, 2001.

M. EDWARD WHELAN III
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[1] Indeed, to preserve staggering of terms, our Office has even read a statute against its literal terms, applying a provision covering "any member of the Merit Systems Protection Board ['MSPB'] serving on the effective date of this Act" to a slot on the MSPB that was vacant at that time. *Merit Systems Protection Board—Term of Office—Statutory Construction—5 U.S.C. § 1202*, 3 Op. O.L.C. 351, 352, 354-55 (1979).